IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY HARRIS, D.O.C. # M38811,**

    **Plaintiff,**

vs.                                                                          Case No. 4:15cv366-RH/CAS

**STATE OF FLORIDA, DADE COUNTY,
CITY OF OPA LOCKA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has submitted a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. Plaintiff did not use the complaint form required by this Court and, thus, Plaintiff has not acknowledged filing any prior cases. Nevertheless, judicial notice is taken of Plaintiff's prior cases. Specifically, three cases from the United States District Court for the Southern District of Florida demonstrate that Plaintiff is not permitted to proceed with in forma pauperis status absent allegations he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

Plaintiff previously initiated case number 13-24422-civ in the Southern District of Florida on December 9, 2013. The case was dismissed sua sponte on January 24, 2014, pursuant to the "three strikes" provision of the Prison Litigation Reform Act. Doc. 7 of that case. United States District Judge Kathleen M. Williams adopted the Report and Recommendation, doc. 5, of United States Magistrate Judge P.A. White which detailed that Plaintiff[2] had previously filed four cases in that court that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Id.* Additionally, Judge White also noted that Plaintiff already had two cases dismissed pursuant to § 1915(g) finding that Plaintiff qualified as a "three-striker" under § 1915(g). Doc. 5 at 2 of that case. Those listed cases were: case no. 13-24417-civ, and case no. 13-14422.[3]

Judicial notice is also taken of case number 1:13cv22314 which was filed by Plaintiff Gregory Harris in the Southern District of Florida.[4] The complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on September 17, 2013. These cases, although not a complete listing of all of Plaintiff's civil cases, is

---

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] The docket for case no. 1:13cv24422 lists Plaintiff's inmate number as M38811, confirming it is the same person as is before this Court.

[3] It has been confirmed from the docket of case no. 1:13cv24417 that the case was filed by Gregory Harris, inmate number M38811. No case was located for Gregory Harris with the number 13-14422.

[4] That case was also filed while Plaintiff was detained in Dade County, but it is evident that it is the same person, having been born in 1966, and suing many of the same Defendants who are named in this case. Plaintiff's inmate number while detained in Dade County was 120058277.

Case No. 4:15cv366-RH/CAS

sufficient to demonstrate that Plaintiff has three strikes and is well aware of the fact that he is barred from proceeding with in forma pauperis status unless his complaint meets the "imminent danger" exception of § 1915(g).  It does not.  Plaintiff's complaint concerns the criminal proceedings which have resulted in his current incarceration.  None of the named Defendants appear to be physically located with Plaintiff at the Franklin Correctional Institution.  Because Plaintiff's complaint does not bring Plaintiff within the imminent danger exception, his motion seeking leave to proceed in forma pauperis, doc. 2, should be denied and this action dismissed without prejudice.  Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $400.00 filing fee at the time of case initiation.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g) and Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.